**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CARRIE BIGGIO and CHELSEA LUMINAIS individually and on behalf of others similarly situated** | * * * * | **CIVIL ACTION NO.** 15-cv-06034 |
| **Plaintiffs,** | * * | **MAGISTRATE** |
| **vs.** | * * | |
| **H2O HAIR, INC., MICHAEL JOHN GASPARD, and HOLLI M. GASPARD** | * * * | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **Defendants.** | * | |
| * * * * * * * * * * * * * * * * * * * * | * | **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT – COLLECTIVE ACTION**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Carrie Biggio ("Ms. Biggio") and Chelsea Luminais ("Ms. Luminais"), persons of the full age of majority domiciled in Eastern District of Louisiana, who on their own behalf and on behalf of those similarly situated (hereinafter referred to collectively as "Plaintiffs"), allege as follows:

## I. JURISDICTION AND VENUE

1. This action alleges the violation of rights under the Fair Labor Standards Act (hereinafter "FLSA"). Thus, the predominant action herein gives rise to the jurisdiction in this Court pursuant to 28 U.S.C. §1331. Furthermore, there exist additional state causes of action that arise out of the same transaction or occurrence as the underlying federal cause of action, and this Court has ancillary jurisdiction over these counts pursuant to 28 U.S.C. §1367.

2. The events or omissions giving rise to the instant lawsuit all occurred within the Eastern District of Louisiana and Defendants herein are domiciled in this District. Venue lies in this Court over these claims pursuant to 28 U.S.C. § 1391(b)(l) and (b)(2).

## II. PARTIES

3. Ms. Biggio and Ms. Luminais are former employees of H2O Hair, Inc. ("H2O") who seek to assert their claims individually and on behalf of all of those similarly situated, whether currently employed or whether employed during the last three years, pursuant to 29 U.S.C. §216.

4. The class of similarly situated employees ("Putative Class Members") consists of

**ALL INDIVIDUALS WHO ARE CURRENTLY EMPLOYED BY DEFENDANTS, AND/OR HAVE BEEN EMPLOYED WITHIN THE LAST THREE YEARS, WITHOUT MEETING MINIMUM WAGE OR OVERTIME COMPENSATION REQUIREMENTS.**

5. Made Defendant herein is H2O, a corporation which at all relevant times was operating in the Eastern District of Louisiana and is subject to the FLSA.

6. Made Defendants herein are Michael John Gaspard who at all relevant times was the manager, secretary, and treasurer of H2O, and Holli M. Gaspard who at all relevant times was the president of H2O (hereinafter referred to collectively as "Gaspards"). At all times relevant the Gaspards were of the full age of majority and are individually liable under the FLSA.

7. Made Defendant herein is XYZ Insurance Company, which, upon information and belief, is the insurer providing coverage to Defendants for acts or omissions of officers and directors like the above name Defendants in Paragraph 5 herein.

## III. FACTUAL BACKGROUND

8. Defendants have numerous current and former full-time female employees who are compensated hourly for hours worked. These employees were classified at times as apprentices, stylists, masseuses, blow-dry bar attendants, receptionists, assistants, housekeeping, in addition to other potential classifications. As full-time employees of H2O, these employees were often expected to work at least 40 hours per week. In many instances said employees were required to work in excess of 40 hours per week by Defendants. No position held by these employees was at any time exempt from the FLSA. Under the FLSA, Defendants were required to compensate employees at minimum wage and at time-and-a-half in excess of their normal hourly pay for any overtime hours. Despite the obligations owed to their employees under the FLSA, Defendants failed to pay them the law required. Despite repeated complaints from its employees, Defendants deliberately and willfully ignored said employees' pleas that they be paid the legally required compensation due. Additionally, on repeated occasions, Defendants would limit the employee's ability to serve clients, threaten their employees, unilaterally and arbitrarily change employee contracts, duties, and clients, and without warning or notice, Defendants would decrease employee wages.

## IV. COVERAGE UNDER THE FLSA

9. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff and all those similarly situated were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## COUNT ONE:
## VIOLATION OF FLSA

13. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

14. The Gaspard Defendants, managers, president, secretary, and treasurer of H2O, directed the means and manner in which Plaintiffs were compensated. During the relevant time period, Defendants have violated, and are violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees engaged in commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees minimum wages and/or for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

15. H2O and the Gaspard's failure to properly pay their employees was done so knowingly, willfully or in reckless disregard in carrying out its illegal pattern or practice. The

decision by Defendants not to properly pay minimum and/or overtime compensation to its hourly employees was neither reasonable, nor in good faith. Accordingly, Plaintiffs and all those who are similarly situated are entitled to wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

16. Plaintiffs and the members of the putative class do not fall within any exemption of the FLSA and were required to be paid according to the dictates of that section.

**COUNT TWO:**
**RETALIATION ACTION AGAINST DEFENDANTS**

17. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

18. Plaintiffs' pleas for overtime pay and their requests that the Gaspards and H2O comply with applicable law constituted protected conduct.

19. The Gaspards and H2O took adverse action against Ms. Biggio, Ms. Luminais, and other similarly situated Plaintiffs by:

a) Restricting their access to clients during work hours;

b) Constructively terminating employment;

c) Arbitrarily reducing/withdrawing wages without warning, notice, or justification;

d) Disallowing opportunity and/or requiring additional duties outside the scope of employment;

e) Continued threats of employment termination;

f) Demand for payments if an employee chose to voluntarily terminate employment; and/or

g) Other actions that will be proven at any trial of this matter.

20. Said retaliatory actions were sufficient to and were intended to deter any individual of reasonable firmness from continuing or commencing to engage in protected employee conduct.

**COUNT THREE:**
**DERIVATIVE CLAIM FOR CONVERSION AND MISAPPROPRIATION**

21. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

22. H2O and the Gaspard's actions in withholding monies from employee paychecks, which said employees were owed, amounts to their conversion of funds under Louisiana law. See La. Civ. Code art. 2315.

**COUNT FOUR:**
**DERIVATIVE CLAIM FOR UNJUST ENRICHMENT**

23. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

24. As a direct and proximate result of the acts alleged herein, the Gaspards and H2O wrongfully deprived their employees of substantial assets and were unjustly enriched by their direct receipt and retention of monies earned by the employees, and which were intended to be paid towards their hourly wage.

25. As a result of the actions of the Defendants, Plaintiffs have suffered the following damages, and/or are entitled to the following relief:

a) Lost back wages;

b) Lost future wages;

c) Damages for emotional distress;

d) Damages for humiliation and embarrassment;

e) Punitive damages;

f) Attorneys' fees, and;

g) Other damages that will be shown at any trial or hearing of this matter.

**COUNT FIVE:**
**FAILURE TO PAY WAGES UNDER LA. R.S. 23:621 *ET. SEQ.***

26. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

27. Upon termination of an employee's employment, the Gaspards and H2O failed to pay all due wages to said employees.

28. The Gaspards and H2O were required to remit all of an employee's overdue wages within fifteen (15) days of termination of their employment.

29. This petition serves as amicable demand for the Gaspards and H2O to remit all due wages to those who's employment has been terminated. Failure to pay said wages will result in additional penalty wages and attorneys' fees pursuant La. R.S. 23:632.

**V. Collective Action Allegations**

30. Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with the Plaintiffs and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Thus, from their observations and discussions with these employees, Plaintiffs are aware that the illegal practices or policies of Defendants have been imposed on the Putative Class Members.

31. The Putative Class Members are all employees who regularly worked in excess of 40 hours per week. These employees are victims of Defendants' unlawful compensation practices and are similarly situated to the Plaintiffs in terms of job duties, pay provisions and employment practices.

32. Defendants' failure to pay wages at the rates required by the FLSA result from generally applicable, systematic policy and practice and which is not dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiffs' experiences are typical of the experiences of the Putative Class Members.

33. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

**VI. RELIEF SOUGHT**

34. WHEREFORE, Plaintiffs pray for a judgment against Defendants H2O Hair, Inc., Michael John Gaspard, Holli M. Gaspard, and XYZ Insurance Company as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid

compensation found due to Plaintiffs;

b. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

d. For an Order awarding Plaintiff unpaid benefits and compensation in connection with the FLSA violations;

e. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f. All compensatory and punitive damages as called for in the FLSA;

g. All relief as allowed under applicable Louisiana law, including penalty wages and attorneys' fees pursuant La. R.S. 23:632, and damages related to Defendants' conversion, retaliation, and unjust enrichment; and

h. For an Order granting such other and further relief as may be necessary and appropriate.

## VII. DEMAND FOR TRIAL BY JURY

35. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Respectfully Submitted:

By: **Kenneth C. Bordes (Bar #35668)**

**Kenneth C. Bordes,**
**Attorney at Law, LLC**
2725 Lapeyrouse St.
New Orleans, LA 70119
P: 504-588-2700
F: 504-708-1717
E: kcb@kennethbordes.com

***Attorney for Plaintiffs***