UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CARRIE BIGGIO, ET AL.                           CIVIL ACTION

VERSUS                                          NO. 15-6034

H2O HAIR INC., ET AL.                           SECTION "B"(2)

ORDER AND REASONS

Before the Court are Plaintiffs' "Motion to Conditionally
Certify Collective Action and Equitably Toll Limitations Period"
and Defendants' "Motion for Partial Summary Judgment." Rec. Docs.
27, 31. Defendants filed a Memorandum in Response to the motion
for conditional certification and Plaintiffs' filed a Reply. Rec.
Docs. 34, 40. Plaintiffs also filed an opposition to the motion
for partial summary judgment and Defendants filed a Reply thereto.
Rec. Docs. 33, 43.

IT IS ORDERED that the Motion to Conditionally Certify
Collective Action and Equitably Toll Limitations Period is **GRANTED
IN PART** and **DENIED IN PART.**

IT IS FURTHER ORDERED that the Motion for Partial Summary
Judgment is **GRANTED IN PART** and **DENIED IN PART.**

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 18, 2015, Plaintiffs, Carrie Biggio and Chelsea
Luminais (collectively "Plaintiffs"), filed the present action
under the Fair Labor Standards Act ("FLSA") against their former
employer asserting claims individually and on behalf of all those

similarly situated. Rec. Doc. 1 at 1-2. Plaintiffs worked full-time at H2O Hair, Inc. ("H2O") under numerous job titles, including, but not limited to: apprentice, stylist, masseuse, blow-dry bar attendant, receptionist, assistant, and housekeeper. Rec. Doc. 1 at 2. Named as Defendants in the action are H2O, Michael John Gaspard,[1] Holli M. Gaspard,[2] and XYZ Insurance Company.[3] Rec. Doc. 1 at 2. Plaintiffs assert a number of claims, including: (1) failure to pay minimum wage and overtime as mandated by the FLSA; (2) retaliation against Plaintiffs and those similarly situated who requested proper wages under the FLSA; (3) conversion and misappropriation; (4) unjust enrichment; and (5) failure to pay overdue wages following termination as required by LA. STAT. ANN. § 23:621 *et seq*. Rec. Doc. 1 at 3-6. Plaintiffs seek unpaid back wages, liquidated damages, punitive damages, costs, and attorney's fees among other forms of relief applicable under Louisiana and federal law. Rec. Doc. 1 at 6-7.

Shortly after filing the complaint, Plaintiffs filed an "Emergency Motion for Protective Order" urging the Court to enjoin Defendants from communicating with Putative Class Members following Defendants' mailing of letters and checks to former

---

[1] John Michael Gaspard served, at all relevant times, as H2O's manager, secretary, and treasurer. Rec. Doc. 1 at 2.
[2] Holli Gaspard served, at all relevant times, as the president of H2O. Rec. Doc. 1 at 2.
[3] XYZ Insurance Company is, upon Plaintiffs' information and belief, the unnamed insurer providing coverage to Defendants for acts or omissions of officers and directors. Rec. Doc. 1 at 2.

employees. Rec. Doc. 13. The Court granted in part and denied in part the motion, requiring corrective action but denying Plaintiffs' request to bar all future communication between Defendants and potential class members. Rec. Doc. 23. Plaintiffs then filed the present motion to conditionally certify the class.

## II.  **LAW AND ANALYSIS**

### a. **Motion for Partial Summary Judgment**

Defendants move for partial summary judgment, urging the Court to dismiss with prejudice the following claims asserted in the complaint: unjust enrichment claims under state law, state law claims under LA. STAT. ANN. §§ 23:631-632, state law tort claims for misappropriation and conversion, claims for prejudgment interest, claims for punitive damages under the FLSA, and claims for compensatory damages for unpaid or underpaid wages. Rec. Doc. 31 at 1. Plaintiffs' memorandum in opposition presents a host of arguments in attempt to retain those claims.

#### 1. **State Law Claims**

Plaintiffs' Complaint alleges a number of state law claims in addition to claims under the FLSA. *See* Rec. Doc. 1. Defendants urge the Court to dismiss most of these claims on preemption grounds, among others reasons. *See* Rec. Doc. 31-1. Plaintiffs' primary defense with respect to maintaining the state law claims is that those claims are not preempted or subsidiary because they are based on separate and distinct "gap wages" owed to Plaintiffs.

Rec. Doc. 33 at 2-6. However, Plaintiffs' Complaint makes no mention of gap wages, nor does it imply that such wages are owed in addition to the wages sought under the FLSA. *See* Rec. Doc. 1. Accordingly, Plaintiffs are granted leave to amend their Complaint to properly assert claims for gap wages, if such claims have a basis in the law. *See Whitmire v. Victus, Ltd.*, 212 F.3d 885, (5th Cir. 2000) ("Leave to amend pleadings 'shall be freely given when justice requires.'"); *Stover v. Hattiesbrug Public Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (recognizing that, when an opposition to a motion for summary judgment raises new claims, district courts should construe it as a motion to amend the complaint). By permitting Plaintiffs to amend their complaint to more fully outline their claims for gap wages, the Court will be in a better position to assess the validity of Plaintiffs' state law claims and Defendants' challenges thereto. Following the period for amendment of the Complaint, Defendants may timely re-urge their motion with respect to the state law claims.

## 2. Permissible Penalties under the FLSA

Plaintiffs' complaint seeks all "compensatory and punitive damages as called for in the FLSA." Defendants maintain that punitive damages are not recoverable under the FLSA for non-payment of minimum wage or overtime wages or for violation of the FLSA'a anti-retaliation provision. Rec. Doc. 31-1 at 2-3. Defendants also contend that the FLSA does not support an award of compensatory

damages for failure to pay minimum wage or overtime wages. Rec. Doc. 31-1 at 7.

### A. Punitive damages for violations of anti-retaliation provisions

Defendants argue that 29 U.S.C. § 216(b) does not support punitive damage awards for violations of the FLSA's anti-retaliation provision in 29 U.S.C. § 215(a)(3). Rec. Doc. 31-1 at 3. Plaintiffs aver that the language of the statute does support punitive damage awards. Rec. Doc. 33 at 8. The statute specifically states that: "Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3)." 29 U.S.C. § 216(b). While the Seventh Circuit has specifically found that this language supports punitive damage awards, *Travis v. Gary Community Mental Health Center, Inc.*, 921 F.2d 108, 112 (7th Cir. 1990), the Fifth Circuit has yet to address the issue. Nevertheless, several district courts in this Circuit have, finding that punitive damages are not recoverable. *See, e.g., Douglas v. Mission Chevrolet*, 757 F. Supp. 2d 637, 640 (W.D. Tex. 2010); *Adams v. Cedar Hill Indep. Sch. Dist.*, No. 13-2598, 2014 WL 66488, at *7 (N.D. Tex. Jan. 8, 2014).

In reaching their decisions, those courts pointed to the Fifth Circuit's directive "that the remedies provisions of the FLSA and the Age Discrimination in Employment Act ("ADEA") must be

interpreted consistently." *Douglas*, 757 F. Supp. 2d at 639 (citing *Lubke v. City of Arlington*, 455 F.3d 489, 499 (5th Cir. 2006)). In *Dean v. American Security Insurance Company*, 559 F.2d 1036, 1038 (5th Cir. 1977), the Fifth Circuit found that the term "legal or equitable relief" did not include punitive damages in the ADEA context. Thus, other courts in this Circuit followed the Fifth Circuit's directive to interpret the FLSA consistently by refusing to permit punitive damages in the FLSA anti-retaliation context as well. This Court finds that line of reasoning persuasive. Plaintiffs may not recover punitive damages pursuant to the FLSA's anti-retaliation provision.

### B. Punitive damages and compensatory damages for failure to pay minimum wage or overtime wages

Section 216(b) provides the following remedy for failure to pay minimum wage or overtime wages:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in additional equal amount as liquidated damages.

29 U.S.C. § 216. By the plain language of the statute, compensatory and punitive damages are not permitted for violations of section 206 and 207 covering minimum wage and overtime wages. Plaintiffs' opposition presents no arguments to the contrary, providing only the conclusory assertion that those sections "do allow such

claims." Rec. Doc. 33 at 7. While courts should interpret the FLSA broadly as a remedial statute, "its reach is still cabined by the statutory language." *Powell v. Carey Int'l, Inc.*, 514 F. Supp. 2d 1302, 1324 (S.D. Fla. 2007).

### C. Pre-judgment Interest

Plaintiffs' Complaint seeks "pre-judgment and post-judgment interest at the highest rates allowed by law." Rec. Doc. 1 at 7. Defendants claim that pre-judgment interest is not recoverable under § 216(b) of the FLSA because the Act provides for liquidated damages. Rec. Doc. 31-1 at 8-9. In addressing this issue, the Supreme Court of the United States stated: "Interest is not recoverable in judgments obtained under Section 16(b). . . . To allow an employee to recover the basic statutory wage and liquidated damages, with interest, would have the effect of giving an employee double compensation for damages arising from delay in the payment of basic minimum wages." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 715 (1945). *See also Reich v. Tiller Helicopter Services, Inc.*, 8 F. 3d 1018, 1031 (5th Cir. 1993). Plaintiffs' opposition ignores Defendants' argument and instead cites to two cases out of the Second Circuit that found pre-judgment interest permissible under § 217 of the FLSA and 42 U.S.C. § 1983. Rec. Doc. 33 at 10 (citing *Donovan v. Sovereign Sec., Ltd.*, 726 F.2d 55, 58 (2d Cir. 1984); *Gierlinger v. Gleason*, 160 F.3d 858, 873-74 (2d Cir. 1998)). In light of the Supreme Court's explicit

command, those cases have no bearing on the permissibility of pre-judgment interest under § 216(b). Accordingly, this Court finds pre-judgment interest unrecoverable under 29 U.S.C. § 216(b). Therefore, Defendants' Motion is granted with respect to the claims for unwarranted relief under FLSA but denied without prejudice with respect to the state law claims.

b. **Motion to Conditionally Certify Collective Action and Equitably Toll Limitations Period**

Defendants do not oppose conditional certification of the collective action. Rec. Doc. 34 at 1-2. Rather, they oppose certain language in Plaintiffs' Proposed Oder and Proposed Notice, which are attached to the Motion. Rec. Doc. 34 at 2-8. Following the parties' exchange of briefs,[4] the remaining issues boil down to three paragraphs in the Proposed Order and one paragraph in the Proposed Notice. *See* Rec. Docs. 34, 40.

1. **Issues with the Proposed Order**

A. **Paragraph Two**

The second paragraph of the Proposed Order currently reads:

> Defendants shall within ten (10) days of the date of the this Order, provide to Plaintiffs' counsel a list of all <u>Putative Class Members</u>, including first and last name, last known address, telephone numbers and email addresses, dates of employment, and date of birth of all conditionally certified Putative Class Members who were employed on or after January 8, 2013.

---

[4] Plaintiff's Reply brief made a number of concessions on issues raised by Defendants, limiting those that the Court must address.

Rec. Doc. 27-13. Defendants take issue with the following: (1) the ten day period within which to respond with the required information; (2) providing phone numbers and e-mail addresses of putative class members; and (3) providing the date of birth for putative class members. Rec. Doc. 34 at 4-5. Plaintiffs concede to taking out the date of birth request but continue to advocate for the other two provisions. Rec. Doc. 40 at 2.

Defendants request twenty days instead of ten to provide Plaintiffs' counsel a list of the contact information for the putative class members, but they provide no reason why it would take twenty days to compile that information. Despite the Defendants' failure to provide reasons for an extended period, the Court finds that it is not unusual to provide Defendants more time than ten days to gather the information requested. *See, e.g., Mejia v. Brothers Petroleum, LLC*, No. 12-2842, 2014 WL 3530362, at *4 (E.D La. July 16, 2014) (providing thirty days to produce names, mailing addresses, and e-mail addresses). Accordingly, twenty days is fair and appropriate.

Defendants also claim that the Notice should be sent via regular mail, and that the Court should not require them to provide e-mail addresses and telephone numbers. Defendants maintain that doing so would lead to a barrage of calls and emails soliciting them to join the lawsuit. First, this Court's earlier Order and Reasons (Rec. Doc. 23) warned against the use of coercive tactics

in communicating with potential class members. The Court continues to expect all parties to act in concert with those orders. Further, the Court finds production of telephone numbers unnecessary as "notice by both e-mail and first-class mail is both routine and reasonably calculated to accomplish the broad remedial goals of the notice provision of the FLSA." *Prejean v. Obrien's Response Mgmt., Inc.*, No. 12-1045, 2013 WL 5960674, at *10 (E.D. La. Nov. 6, 2013). *See also Mejia*, 2014 WL 3530362 at *4 (giving defendants 30 days "to provide plaintiffs with a computer-readable data file containing all potential opt-in plaintiffs' names, last known mailing addresses, and email addresses.").

### B. Paragraph Five

Paragraph five of the proposed order reads: "Plaintiffs' counsel may mail additional Notices subsequent to the initial Notice as is necessary to ensure all Putative Class Members are provided adequate Notice." Rec. Doc. 27-13. Defendants contend that such a provision creates the potential for abusive tactics. Rec. Doc. 34 at 5-6. Plaintiffs respond by offering to change the paragraph to permit only a reminder notice halfway through the notice period. Rec. Doc.

"There is a split among district courts as to whether reminder notices to putative class members are proper in FLSA actions." *Garcia v. TWC Admin., llc*, No. 14-985, 2015 WL 1737932, at *6 (W.D. Tex. Apr. 16, 2015). However, courts in this Circuit have found

that reminder notices are unnecessary absent specific reasons why a reminder is needed to ensure sufficient notice under the circumstances of a particular case. *Id.*; *Santinac v. Worldwide Labor Support of Illinois, Inc.*, 107 F. Supp. 3d 610, 619 (S.D. Miss. 2015). Here, Plaintiffs provided the Court with no reason why this case justifies a reminder notice. *See* Rec. Doc. 40 at 4. Accordingly, the Court denies the request without prejudice, permitting Plaintiffs the opportunity to later file a motion requesting reminder notices be sent if they can demonstrate a <u>compelling reason</u> for such a reminder.

### C. Paragraph Eight

Paragraph eight of the Proposed Order reads: "The Statute of Limitations is hereby tolled from the date of January 8, [2016][5] until ninety (90) days after the approved Notice is sent." Defendants object to the equitable tolling of the statute of limitations in this matter, noting that tolling is a moot issue for the named Plaintiffs and those who have already opted-in. Rec. Doc. 34 at 6. Additionally, Defendants argue that Plaintiffs have not established any facts that justify tolling in this scenario. Rec. Doc. 34 at 6. Plaintiffs maintain that equitable tolling is justified here because Defendants actively misled putative class members regarding the cause of action. Rec. Doc. 27-1 at 15.

---

[5] The Proposed Order actually says January 8, 2013, but Plaintiffs' counsel later acknowledged the typographical error and indicated he meant for it to read January 8, 2016.

Under the FLSA, "an employee may commence an action within two years after the cause of action accrues or, if it is a willful violation, within three years." *Vargas v. Richardson Trident Co.*, No. 09-1674, 2010 WL 730155, at *9 (S.D. Tex. Feb. 22, 2010) (citing 29 U.S.C. § 255(a)). The limitations period begins to run for named plaintiffs when the suit is filed and for opt-in plaintiffs on the date of opting-in. *Vargas*, 2010 WL 730155 at *9. "In the Fifth Circuit, equitable tolling for FLSA limitations is rare and applies only in extraordinary circumstances." *Mejia v. Bros. Petroleum, LLC*, No. 12-2842, 2014 WL 3853580, at *2 (E.D. La. Aug. 4, 2014) (citing *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)). "Courts apply equitable tolling most frequently where 'the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* at *1 (quoting *Teemac*, 298 F.3d at 457). "The party who invokes equitable tolling bears the burden of proof." *Id.*

Here, Plaintiffs have not demonstrated that any putative class members are unable to assert claims due to the limitations period. Their argument for equitable tolling is wholly contingent on future events that may never occur. Accordingly, this Court finds that the question of equitable tolling is not ripe for adjudication at this time. *Cf. U.S. v. Harrison*, No. 10-40131, 2012 WL 1476073, at *1 (D. Kan. Apr. 27, 2012) (holding, in the

context of a § 2255 motion, that the question of equitable tolling is ripe for adjudication only once the statute of limitations has been raised as an issue). Plaintiffs may raise the question at a later time if the statute of limitations poses an issue for a putative class member.

**2. Issue with the Proposed Notice**

Defendants take issue with Part III of the Proposed Notice, which addresses who can join the lawsuit:[6]

> All current and former employees may join the case if you were properly employed by the Defendants at any time during the past three (3) years and you are owed properly calculated wages under the law. If you recently received a letter or compensation from the Defendants, your rights in this lawsuit are not affected and you may also join for properly calculated wages and other damages. If Plaintiffs are successful, individuals who receive notice and who timely submit an "Opt-In Form" may be entitled to receive payment of their properly calculated unpaid wages. You may also be entitled to liquidated damages, pre-judgment/post-judgment interest, compensatory and punitive damages, penalties and damages relating to La. R.S. § 23:632, attorney's fees, and other costs.

Rec. Doc. 27-12 at 2. Defendants claim that the portion discussing damages misrepresents the scope of permissible recovery and that the paragraph should only identify who can join, not what they could expect to gain from the suit. Rec. Doc. 34 at 4-5. Plaintiffs respond that the notice only notifies them of the entire lawsuit

---

[6] Defendants initially took issue with two other portions of the Proposed Notice, but Plaintiffs have since conceded on those issues.

and does not make promises of riches as Defendants allege. Rec.
Doc. 40 at 3-4. Based on the earlier discussion regarding the
motion for partial summary judgment (striking some claims and
leaving some active pending an amended complaint) and that section
of the Notice's purpose to identify class members, this Court finds
that no discussion of potential damages or remedies is needed.
Accordingly, Part III should be amended to read:

> III.    WHO CAN JOIN THE LAWSUIT
> All current and former employees of the named
> Defendants who are currently employed, or were
> employed during the past three (3) years, who
> have unpaid minimum wages, and those who have
> not been paid time and one-half for hours in
> excess of forty (40) hours per week. If you
> recently received a letter or compensation
> from the Defendants, your rights in this
> lawsuit are not affected.

## III. <u>CONCLUSION</u>

Based on the foregoing discussion,

**IT IS ORDERED** that the Motion for Partial Summary Judgment is
**GRANTED IN PART** and **DENIED IN PART.** The Motion is granted insofar
as Plaintiff's claims for punitive damages under the FLSA, claims
for compensatory damages under 29 U.S.C. §§ 206-207, and claims
for pre-judgment interest on unpaid minimum wages and unpaid
overtime wages are **DISMISSED WITH PREJUDICE.** The Motion is denied
without prejudice with respect to Plaintiff's state law claims.
Plaintiffs have **fourteen (14) days** from the date of this Order to
file an amended complaint asserting the gap wages claims raised in

their opposition to the Motion for Partial Summary Judgment. Following the period for amendment, Defendants may re-urge their motion for summary judgment with respect to the state law claims.

**IT IS FURTHER ORDERED** that the Motion to Conditionally Certify Collective Action and Equitably Toll Limitations Period is **GRANTED IN PART** and **DENIED IN PART**. The motion is denied without prejudice with respect to the issue of equitable tolling. It is granted with respect to conditional certification, subject to the following orders. In addition to the agreements and concessions previously made by the parties,

**IT IS ORDERED** that:

1) The following class is conditionally certified for the purposes of Plaintiffs' collective action claims: All current and former employees of the named Defendants who are currently employed, or were employed at any time during the past three (3) years, who have unpaid minimum wages and unpaid overtime wages.

2) Defendants shall, within twenty (20) days of the date of this Order, provide Plaintiffs' counsel with a computer-readable data file containing all potential opt-in plaintiffs' names, last known mailing addresses, and email addresses.

3) The Notice of Pendency of Lawsuit ("the Notice") and the Plaintiff Consent Form attached as Exhibit 11 to

Plaintiffs' Motion to Conditionally Certify Class (Rec. Doc. 27-12) are hereby approved subject to the changes mandated above and the agreements previously reached by the parties.

4) The Notice for opting in must be mailed by Plaintiffs' counsel to the putative class members within fifteen (15) days following Plaintiffs' counsel's receipt of the above-referenced data file with the contact information for potential class members.

5) Plaintiff Consent Forms must be postmarked and deposited in the U.S. Mail on or before ninety days following the first mailing of the Notice.

6) Each form shall be marked with the date received by counsel, and Consents to join will be treated as filed on the date marked, so long as they are filed with the Court within one week of the date marked.

New Orleans, Louisiana, this 14th day of March, 2016.


_____
UNITED STATES DISTRICT JUDGE