UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARRIE BIGGIO and CHELSEA LUMINAIS individually and on behalf of others similarly situated**<br><br>        **Plaintiffs,**<br><br>vs.<br><br>**H2O HAIR, INC., MICHAEL JOHN GASPARD, and HOLLI M. GASPARD**<br><br>        **Defendants.** | * **CIVIL ACTION NO. 15-6034**<br>*<br>*<br>* **SECTION: "B" (2)**<br>*<br>*<br>*<br>* **COLLECTIVE ACTION**<br>* **PURSUANT TO 29 U.S.C. § 216(b)**<br>*<br>*<br>* |
| * * * * * * * * * * * * * * * * * * | * **JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT – COLLECTIVE ACTION**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Carrie Biggio ("Ms. Biggio") and Chelsea Luminais ("Ms. Luminais"), persons of the full age of majority domiciled in Eastern District of Louisiana, who on their own behalf and on behalf of those similarly situated (hereinafter referred to collectively as "Plaintiffs"), allege as follows:

**I.    JURISDICTION AND VENUE**

1. This action alleges the violation of rights under the Fair Labor Standards Act (hereinafter "FLSA"). Thus, the predominant action herein gives rise to the jurisdiction in this Court pursuant to 28 U.S.C. §1331. Furthermore, there exist additional state causes of action that arise out of the same transaction or occurrence as the underlying federal cause of action, and this Court has ancillary jurisdiction over these counts pursuant to 28 U.S.C. §1367.

2. The events or omissions giving rise to the instant lawsuit all occurred within the Eastern District of Louisiana and Defendants herein are domiciled in this District. Venue lies in this Court over these claims pursuant to 28 U.S.C. § 1391(b)(l) and (b)(2).

## II.   PARTIES

3. Ms. Biggio and Ms. Luminais are former employees of H2O Hair, Inc. ("H2O") who seek to assert their claims individually and on behalf of all of those similarly situated, whether currently employed or whether employed during the last three years, pursuant to 29 U.S.C. §216.

4. The class of similarly situated employees ("Putative Class Members") consists of

> **ALL INDIVIDUALS WHO ARE CURRENTLY EMPLOYED BY DEFENDANTS, AND/OR HAVE BEEN EMPLOYED WITHIN THE LAST THREE YEARS, WITHOUT MEETING MINIMUM WAGE OR OVERTIME COMPENSATION REQUIREMENTS.**

5. Made Defendant herein is H2O, a corporation which at all relevant times was operating in the Eastern District of Louisiana and is subject to the FLSA.

6. Made Defendants herein are Michael John Gaspard who at all relevant times was the manager, secretary, and treasurer of H2O, and Holli M. Gaspard who at all relevant times was the president of H2O (hereinafter referred to collectively as "Gaspards").  At all times relevant the Gaspards were of the full age of majority and are individually liable under the FLSA.

7. Made Defendant herein is XYZ Insurance Company, which, upon information and belief, is the insurer providing coverage to Defendants for acts or omissions of officers and directors like the above named Defendants in Paragraph 5 herein.

## III.   FACTUAL BACKGROUND

8. Defendants have numerous current and former full-time female employees who are compensated hourly for hours worked.  These employees were classified at times as apprentices,

stylists, masseuses, blow-dry bar attendants, receptionists, assistants, housekeeping, in addition to other potential classifications. As full-time employees of H2O, these employees were often expected to work at least 40 hours per week. In many instances said employees were required to work in excess of 40 hours per week by Defendants. No position held by these employees was at any time exempt from the FLSA. Under the FLSA, Defendants were required to record all hours worked and compensate employees at minimum wage and at time-and-a-half in excess of their normal hourly pay for any overtime hours. Despite the obligations owed to their employees under the FLSA, Defendants failed to pay them as the law required. Defendants were fully aware of their legal obligations under the FLSA having already been the subject of a previous labor audit, which found that they were not complying with overtime wage requirements. However, despite a labor audit and repeated complaints from its employees, Defendants deliberately and willfully ignored said employees' pleas that they be paid the legally required compensation due. Additionally, on repeated occasions, Defendants would limit the employee's ability to serve clients, threaten their employees, unilaterally and arbitrarily change employee contracts, duties, and clients, and without warning or notice, Defendants would decrease employee wages.

9. Plaintiffs were required to work one day a week on "Friends and Family Day" while in training. Clients who had appointments at H2O on "Friends and Family Day" still paid full price for their services, but Plaintiffs were not allowed to clock in. Plaintiffs were told that they were not allowed to clock in for a number of reasons, including H2O was still in debt from the addition of a "Blow Dry Bar," and H2O management did not want them to be considered full-time employees under the Affordable Care Act.

10. Also, Plaintiffs were required to attend Friday morning meetings for which they were not allowed to clock in. In addition, mandatory trainings were held on Sundays that H2O charged Plaintiffs to attend, and again, H2O did not allow Plaintiffs to clock in for these sessions.

11. H2O would unilaterally and arbitrarily change employee contracts to, among other things, reduce commissions and decrease wages. The resultant losses to Plaintiffs due to the breach in H2O's obligations were in excess of and supplement to the minimum wage and overtime guarantees in the FLSA.

12. Plaintiffs did not receive commissions—as promised—for their work in the "Blow Dry Bar" or during "Monday Madness," a promotion in which customers received reduced price haircuts. Plaintiffs' wages were unexpectedly reduced further, in the form of penalties, if retail sales goals on behalf of the company were not met.

13. Plaintiffs were required to sign the Training Agreement and Contract ("Training Contract"). The Training Contract provided that H2O would train Plaintiffs as part of an Apprenticeship Program valued at $8,000 by the Defendants. Plaintiffs were required to maintain employment with H2O for 36 months following the end of the training program, or they were in breach of the Training Contract and required to pay H2O $8,000 plus attorney's fees and costs for enforcement. The training sessions were held during regular business hours, and Plaintiffs were not compensated for these sessions.

14. The training program had no set guidelines for completion, so Plaintiffs were left in the training program until the Gaspards and H2O business needs dictated promotion out of the program. H2O has approximately twenty-five salon stations, and regardless if there was space for new stylists, H2O would have about thirty employees in the training program. Some employees

were promoted out of the training program within a year, and some employees were left in the program for over two years.

15. Furthermore, the alleged training program activities included cleaning toilets, scrubbing counters and baseboards, running errands for the salon owners, and writing book reports on books wholly unrelated to hair styling. A fee for each of these books was also deducted from Plaintiffs' paychecks without regard to the actual value of each book, and without notice to or approval from the employees.

16. Plaintiffs, who were licensed stylists, were owed minimum wages while in the training program and were also owed commission on certain services provided to clients. Upon completion of the training program, Plaintiffs' wages were to increase further through commissions; however, as noted above these commissions were routinely withheld from Plaintiffs.

17. In addition to the 36 months of employment required under the Training Contract, noted *supra*, Plaintiffs were also required to sign non-compete agreements with the Gaspards and H2O that prevented Plaintiffs from seeking employment in Jefferson, Orleans and St. Tammany Parishes for a period of two years after their employment with H2O ended.

### IV. COVERAGE UNDER THE FLSA

18. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in

commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

21. At all times hereinafter mentioned, Plaintiff and all those similarly situated were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## COUNT ONE:
## VIOLATION OF FLSA

22. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

23. The Gaspard Defendants, managers, president, secretary, and treasurer of H2O, directed the means and manner in which Plaintiffs were compensated. During the relevant time period, Defendants have violated, and are violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees engaged in commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees minimum wages and/or for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

24. H2O and the Gaspard's failure to properly pay their employees was done so knowingly, willfully or in reckless disregard in carrying out its illegal pattern or practice. Labor audits and employee pleas have had no impact on Defendants' chronic practice of labor abuse. The decision by Defendants not to properly pay minimum and/or overtime compensation to its hourly employees was neither reasonable, nor in good faith. Accordingly, Plaintiffs and all

those who are similarly situated are entitled to wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

25. Plaintiffs and the members of the putative class do not fall within any exemption of the FLSA and were required to be paid according to the dictates of that section.

## COUNT TWO:
## RETALIATION ACTION AGAINST DEFENDANTS

26. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

27. Plaintiffs' pleas for overtime pay and their requests that the Gaspards and H2O comply with applicable law constituted protected conduct.

28. The Gaspards and H2O took adverse action against Ms. Biggio, Ms. Luminais, and other similarly situated Plaintiffs by:

    a) Restricting their access to clients during work hours;

    b) Constructively terminating employment;

    c) Arbitrarily reducing/withdrawing wages without warning, notice, or justification;

    d) Disallowing opportunity and/or requiring additional duties outside the scope of employment;

    e) Continued threats of employment termination;

    f) Demand for payments if an employee chose to voluntarily terminate employment; and/or

    g) Other actions that will be proven at any trial of this matter.

29. Said retaliatory actions were sufficient to and were intended to deter any individual of reasonable firmness from continuing or commencing to engage in protected employee conduct.

## COUNT THREE:
### DERIVATIVE CLAIM FOR CONVERSION AND MISAPPROPRIATION

30. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

31. H2O and the Gaspard's actions in withholding monies from employee paychecks, which said employees were owed, amounts to their conversion of funds under Louisiana law. See La. Civ. Code art. 2315.

## COUNT FOUR:
### DERIVATIVE CLAIM FOR UNJUST ENRICHMENT

32. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

33. Should no other remedy exist at law, as a direct and proximate result of the acts alleged herein, the Gaspards and H2O wrongfully deprived their employees of substantial assets and were unjustly enriched by their direct receipt and retention of monies earned by the employees, and which were intended to be paid towards their hourly wage.

34. As a result of the actions of the Defendants, Plaintiffs have suffered the following damages, and/or are entitled to the following relief:

      a) Lost back wages;

      b) Lost future wages;

      c) Damages for emotional distress;

      d) Damages for humiliation and embarrassment; and

      e) Other damages that will be shown at any trial or hearing of this matter.

## COUNT FIVE:
### FAILURE TO PAY WAGES UNDER LA. R.S. 23:621 *ET. SEQ.*

35.     Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

36.     Upon termination of an employee's employment, the Gaspards and H2O failed to pay all due wages to said employees.

37.     The Gaspards and H2O's failure to remit all of an employee's overdue wages within fifteen (15) days of termination of their employment is a violation of Louisiana law.  This remedy is in addition to those provided for by FLSA.

38.     This petition serves as a second amicable demand for the Gaspards and H2O to remit all due wages to those who's employment has been terminated.  Failure to pay said wages will result in penalties, calculated at the employees properly calculated rate of pay, and attorneys' fees pursuant to La. R.S. 23:632.

## COUNT SIX:
### VIOLATION OF LOUISIANA UNFAIR TRADE PRACTICES ACT ("LUTPA")

39.     Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth therein.

40.     The Training Contract is an unfair and deceptive practice in the conduct of the Gaspards and H2O's trade because Plaintiffs were limited in their ability to seek other employment for thirty-six months after the training program, which had no set termination date, ended.

41.     The Training Contract also represents an attempt by the Gaspards and H2O to skirt the provisions of Louisiana's restrictions on permissible non-compete agreements.  While Plaintiffs may have been technically free to seek any other employment, they were in reality forced to work for the Gaspards and H2O until such time as the threat of an $8,000 judgment against them

had passed. Furthermore, the Training Contract, combined with the regionally overbroad two-year non-compete agreement, restricted these employees for a *minimum* of five years.

42. Finally, the valuation of $8,000 for the training program grossly overestimates the actual value of any such program being used by the Gaspards and H2O. This exorbitant and unfair price tag was designed to discourage Plaintiffs from searching for other employment to escape the unfair wage practices and menial labor forced on them by the Gaspards and H2O.

## V.   Collective Action Allegations

43. Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with the Plaintiffs and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Thus, from their observations and discussions with these employees, Plaintiffs are aware that the illegal practices or policies of Defendants have been imposed on the Putative Class Members.

44. The Putative Class Members are all employees who regularly worked in excess of 40 hours per week. These employees are victims of Defendants' unlawful compensation practices and are similarly situated to the Plaintiffs in terms of job duties, pay provisions and employment practices.

45. Defendants' failure to pay wages at the rates required by the FLSA result from generally applicable, systematic policy and practice and which is not dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiffs' experiences are typical of the experiences of the Putative Class Members.

46. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment. All of the Putative Class Members, regardless of

their precise job requirements or rates of pay, are entitled to be properly compensated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## VI.   RELIEF SOUGHT

47. WHEREFORE, Plaintiffs pray for a judgment against Defendants H2O Hair, Inc., Michael John Gaspard, Holli M. Gaspard, and XYZ Insurance Company as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

    b. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

    c. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

    d. For an Order awarding Plaintiff unpaid benefits and compensation in connection with the FLSA violations;

    e. For an Order awarding Plaintiff (and those who have joined in the suit) post-judgment interest at the highest rates allowed by law;

    f. All damages as called for in the FLSA;

    g. All relief as allowed under applicable Louisiana law, including late payment penalties and attorneys' fees pursuant La. R.S. 23:632, and all damages allowed by law related to Defendants' conversion, retaliation, unjust enrichment, and violations of the Louisiana Unfair Trade Practices Act,

including attorneys' fees and costs where appropriate; and

h. For an Order granting such other and further relief as may be necessary and appropriate.

## VIII. DEMAND FOR TRIAL BY JURY

45. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Respectfully Submitted:

By:    /s/ Kenneth C. Bordes
**Kenneth C. Bordes (Bar #35668)**

**Kenneth C. Bordes,
Attorney at Law, LLC**
2725 Lapeyrouse St.
New Orleans, LA 70119
P: 504-588-2700
F: 504-708-1717
E: kcb@kennethbordes.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been electronically filed with the Clerk of Court and served on opposing counsel via the CM/ECF system in accordance with LR 5.4 and Fed. R. Civ. P. 5(b)(3) on this  28th  day of  March , 2016.

   /s/ Kenneth C. Bordes
Kenneth C. Bordes