```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

**CARRIE BIGGIO, ET AL.**                                     **CIVIL ACTION**

**VERSUS**                                                    **NO. 15-6034**

**H2O HAIR INC., ET AL.**                                     **SECTION "B"(2)**

### ORDER AND REASONS

Before the Court is Defendants' "Motion for Partial Dismissal of First Amended Complaint" seeking dismissal of Plaintiffs' claims under the Louisiana Unfair Trade Practices Act. Rec. Doc. 47. Plaintiffs timely filed an opposition memorandum. Rec. Doc. 48. Thereafter, the Court granted leave for Defendants to file a reply. *See* Rec. Doc. 53. For the reasons set forth below,

**IT IS ORDERED** that the motion is **GRANTED**.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

As this Court has previously discussed, this case arises out of Plaintiffs employment as hair stylists at H2O Hair, Inc. ("H2O"). Plaintiffs assert claims individually and on behalf of all those similarly situated under the Fair Labor Standards Act ("FLSA") for unpaid minimum wages and overtime wages among other state law claims. At issue here are Plaintiffs' claims under the Louisiana Unfair Trade Practices Act ("LUTPA") related to Training Contracts and Non-Compete Agreements entered into by the parties, which they first asserted in their First Amended Complaint. Plaintiffs' First Amended Complaint alleges that Defendants

1

required them to sign a Training Agreement and Contract, requiring H2O to train the Plaintiffs as part of an apprenticeship program, which Defendants unilaterally valued at $8,000. Rec. Doc. 45 at 4. Additionally, the contract purportedly required Plaintiffs to either maintain employment with H2O for thirty six months after the end of the training program or repay the $8,000 value of the program plus attorneys' fees and costs. *Id*. Plaintiffs also claim that they were not compensated for the training sessions. *Id*.

This motion derives from a previous Order and Reasons issued by this Court that granted Plaintiffs leave to file an amended complaint so that they could fully address certain claims for "gap wages," which they first raised in an opposition to an earlier motion filed by Defendants. *See* Rec. Doc. 44. Apparently, Plaintiffs claims for gap wages had no basis in law or fact,[1] because their amended complaint makes absolutely no reference to such claims. Despite this, Plaintiffs took advantage of the order granting leave to file to assert new claims under LUTPA.[2] The Court now considers Defendants' motion to dismiss those claims.

---

[1] Plaintiffs' counsel is strongly reminded to review the parameters of Federal Rule of Civil Procedure 11 regarding representations made to the Court and the potential for sanctions based upon misrepresentations.
[2] While this Court's granting of leave to file was expressly limited to Plaintiffs' reference to claims for gap wages, this Court will address the viability of Plaintiffs' claims under LUTPA because the amended complaint was still filed prior to the deadline for amending pleadings pursuant to the Court's scheduling order. *See* Rec. Doc. 49.

2

## II.  THE PARTIES' CONTENTIONS

Defendants move for dismissal of Plaintiffs' LUTPA claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. First, Defendants contend that this Court lacks subject matter jurisdiction over the LUTPA claims because they do not arise out of a common nucleus of operative fact with the FLSA claims. Rec. Doc. 47-1 at 3-7. Additionally, Defendants argue that Plaintiffs cannot maintain their claims under LUTPA because they have not alleged an "ascertainable loss of money or property" resulting from the unfair trade practices. Rec. Doc. 47-1 at 7-8. Finally, Defendants argue that Plaintiffs lack standing to assert LUTPA claims in this proceeding because LA. STAT. ANN. § 51:1409 expressly prohibits parties form bringing LUTPA claims in a representative capacity. Rec. Doc. 47-1 at 6.

In opposition, Plaintiffs argue that the LUTPA claims fall within the Court's supplemental jurisdiction because they are inextricably intertwined with the FLSA claims. Rec. Doc. 48 at 2-4. Plaintiffs further contend that they have properly pled all elements of their LUTPA claims, identifying the following ascertainable losses pled in their amended complaint: (1) loss of earning potential due to their inability to seek other employment; (2) fees charged by Defendants for books used in the training programs; and (3) their commissions and wages were arbitrarily decreased. Rec. Doc. 48 at 5. Finally, Plaintiffs address

3

Defendants' standing argument by claiming that the individual Plaintiffs achieve standing in their own right by opting in to the action. Rec. Doc. 48 at 4. They do not address the seemingly clear language of LA. STAT. ANN. § 51:1409, which states that such claims may not be brought in a representative fashion.

The Defendants' reply solely addresses the issue of LUTPA's preemption period. *See* Rec. Doc. 53. The parties briefly debate whether the one-year period discussed in LA. STAT. ANN. § 51:1409 is a preemptive period or a prescriptive period, but the Court need not address that issue here because Defendants do not actually seek dismissal on preemption or prescription grounds.[3] *See* Rec. Doc. 47.

### III. LAW AND ANALYSIS

Defendants seek dismissal under both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. "The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule 12(b)(6) motion." *SPSL OPOBO Liberia, Inc. v. Mar. Worldwide Servs., Inc.*, No. 07-3355, 2008 WL 2079918, at *1 (E.D. La. May 15, 2008) (citing *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Accordingly, this Court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party.

---

[3] Defendants only argue that the Court should determine whether the period is preemptive because it may become relevant later on if the claims persist.

4

*See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As it appears that supplemental jurisdiction exists over the claim, the Court will begin by addressing Defendants' standing argument.

Under the LUTPA, "any person who suffers ascertainable loss of money or movable property . . . as a result of the use . . . of an unfair or deceptive method, act, or practice . . . may bring an action *individually but not in a representative capacity* to recover actual damages." LA. STAT. ANN. § 51:1409(A) (emphasis added). Defendants argue that this provision deprives Plaintiffs of standing to bring LUTPA claims in this conditionally-certified collective action. Rec. Doc. 47-1 at 6. Plaintiffs seemingly contend that they are not proceeding in a representative capacity because this is a collective action rather than a class action where plaintiffs opt in to the litigation. Rec. Doc. 48 at 4. Plaintiffs misconstrue the nature of the FLSA collective action.

While collective actions differ from class actions, the fact that individuals must opt-in to the litigation rather than opt-

5

out does not change their status as representative actions. *See Myers v. Hertz Corp.*, 624 F.3d 357, 542 (2d Cir. 2010) (describing FLSA collective actions as representative actions). It is clearly established that named plaintiffs in collective actions act as representatives for the opt-in plaintiffs. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995) (describing the original named plaintiffs as class representatives), *overruled on other grounds by Desert Palace v. Costa*, 539 U.S. 90 (2003); *Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 919 (5th Cir. 2008) ("the language of § 216(b) and the cases construing that provision demonstrate that Sandoz cannot represent any other employees until they affirmatively opt in to the collective action."); *McGlathery v. Lincare, Inc.*, No. 13-1255, 2014 WL 1338610, at *3 (M.D. Fla. Apr. 3, 2014) (citing the 11th Circuit for the holding that—"where a class is conditionally certified and the motion to decertify denied—the opt-in plaintiffs remain in the action and are represented by the named plaintiffs."). Here, the named plaintiffs, Biggio and Luminais, bring their claims as representatives on behalf of all opt-in plaintiffs. This finding is also supported by the language of the complaint, entitled "First Amended Complaint—Collective Action," where Plaintiffs make all allegations and assert all claims "on their own behalf and on behalf of those similarly situated." Rec. Doc. 45 at 1.

Under the unambiguous terms of the Louisiana Unfair Trade Practices Act, Biggio and Luminais may not maintain a claim under the Act in this case because they are proceeding in a representative capacity. LA. STAT. ANN. § 51:1409(A). Accordingly, the Court must dismiss that claim.

**IV.   CONCLUSION**

For the reasons outlined above,

**IT IS ORDERED** that the motion is **GRANTED**.

New Orleans, Louisiana, this 27th day of May, 2016.

_____
UNITED STATES DISTRICT COURT