UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CARRIE BIGGIO ET AL.                                    CIVIL ACTION

VERSUS                                                 NO. 15-6034

H20 HAIR INC. ET AL                                    SECTION "B" (2)

## ORDER AND REASONS ON MOTION

This is an action for allegedly unpaid overtime wages and other damages for violation of and retaliation under the Fair Labor Standards Act ("FLSA").  The action was originally asserted by two named plaintiffs.  The record establishes that 11 other persons subsequently opted into the case, Record Doc. Nos. 22, 28, 51, 74, 86, and that conditional certification of the collective action has been granted.  Record Doc. No. 44.

Plaintiffs' Motion to Compel Answers to Deposition Questions and Responses to Written Requests, Record Doc. No. 92, is pending before me.  Defendants filed a timely written opposition memorandum.  Record Doc. No. 95.  The court granted leave for plaintiffs to file a reply and defendants to file a supplemental opposition memorandum.  Record Doc. Nos. 102, 104, 107-110.  Having considered the record, the applicable law and the written submissions of counsel, **IT IS ORDERED** that the motion is GRANTED IN PART AND DENIED IN PART as follows.

As an initial matter, I cannot accept defendants' argument that the motion should be denied because "Plaintiffs waited until after the discovery completion deadline to file this motion to compel.  Discovery in this case is over."  Record Doc. No. 95 at p. 7.  First, as

to the deposition questions defense counsel instructed witnesses not to answer, the court invited the filing of this or a similar motion, in the manner contemplated by Fed. R. Civ. P. 30(c)(2) and 30(d)(3), when I could not resolve the dispute without further information during an unanticipated telephone call to the court by counsel during the deposition. Second, in addressing further responses to written requests for production, the motion appears to seek only supplementation of defendants' previous responses to timely requests, not new discovery. Fed. R. Civ. P. 26(e)(1) imposes upon all parties an ongoing obligation to supplement prior discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other party during the discovery process. . ." (emphasis added). This obligation to supplement is not subject to a deadline.

Plaintiffs request an order compelling defense witnesses to answer deposition questions that defense counsel instructed them not to answer. The questions concerned the employment histories and employment circumstances of certain of defendants' employees who are not parties to this lawsuit, either originally or by opting in. One such question, for example, sought the reason for a non-party's "termination" - "insubordination" or "separation" from defendants' employment, Record Doc. Nos. 92-2 at p. 1 and 92-9 at p. 2, clearly a subject of potential embarrassment under Fed. R. Civ. P. 30(d)(3)(A) to the unrepresented, non-party.

During the impromptu telephone conference with the court concerning this dispute, in instructing counsel to file an appropriate motion, I also indicated that such questions would be permitted only if the information sought was both discoverable (i.e., relevant to claims or defenses and proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1)) and subject to an appropriate protective order.  Record Doc. No. 92-9 at pp. 8-9.  This is so because discovery of information about employment histories and sometimes embarrassing personnel actions, taken either in favor or to the detriment of  non-party individual employees, presents special concerns about the privacy rights of the individuals involved, particularly when it concerns a person who has opted not to participate in the public forum of a lawsuit in court.  An individual's employment  history can be expected to contain much information that is not only personal and private but also irrelevant or not proportionally appropriate to a particular lawsuit.  This does not mean that a party is never entitled to discover the employment histories of an opponent's employees or that everything about them is irrelevant.  The court must balance the interests of the parties in obtaining permissible discovery against the privacy interests of individual non-parties.  Thus, a district court has discretion to determine whether such discovery is warranted. See Davis v. Precoat Metals, No. 01 C 5689, 2002 WL 1759828 (N.D. Ill. July 29, 2002) (citing Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994); Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 365 (6th Cir. 1999); Atkinson v. Denton Publ'g Co., 84 F.3d 144, 148 (5th Cir. 1996) (all concerning Rule 34 discovery of employment personnel files).

- 3 -

On one hand, I agree with plaintiffs' contention that deposition questions concerning the employments histories of <u>non</u>-parties, including allegedly detrimental personnel actions taken against them, may reveal information relevant to their retaliation and willful misconduct claims, Record Doc. No. 45 (Amended Complaint at ¶ 24 p. 6 and ¶'s 27-29 p. 7. Such testimony may tend, as plaintiffs argue, to establish a "culture of retaliation over wages or other unlawful practices" in defendants' workplace and an employment "environment permitting Plaintiffs to suffer" FLSA violations. Record Doc. No. 92-1 at p. 3. Such evidence of "other wrongs" may be admissible in evidence under Fed. Evid. R. 404(b)(2).

On the other hand, I find that the court should exercise its discretion to prohibit the proposed invasion of the privacy interests of these non-party employees through deposition questioning about their employment experiences. A relevance finding does not end the court's inquiry because permissible discovery must also be proportional to the needs of the case. A total of <u>13</u> plaintiffs are actually asserting claims in this matter, either as originally named plaintiffs or because they have opted in. Record Doc. Nos. 1 and 45 (two named plaintiffs); 22 (six opt-in consents); 28 two opt-in consents); 51 (two opt-in consents); 74 and 86 (one opt-in consent). Certainly, the testimony of 13 plaintiffs who have in fact made their employment treatment the subject of claims actually asserted in the case should be sufficient to establish the "culture" and "environment" about which plaintiffs complain. In these kinds of circumstances, testimony concerning additional <u>non</u>-party employees is

unimportant to the issues at stake in the litigation or to resolving them, while only increasing expense and burden, in the form of non-party privacy intrusion, that would result from broad-ranging deposition questioning about the experiences of other employees who have chosen not to become involved in litigation. See Fed. R. Civ. P. 26(b)(1) (Proportionality factors include "the importance of the discovery in resolving the issues, and whether the burden or expense of the discovery outweighs its likely benefit."). In addition, this line of deposition questioning should be prohibited because the anticipated discovery would be "unreasonably cumulative or duplicative" of the testimony of the 13 plaintiffs themselves. Fed. R. Civ. P. 26(b)(2)(C)(i).

Thus, the motion is denied in part insofar as it seeks to compel answers to deposition questions concerning non-party employees.

Plaintiffs' motion also seeks an order compelling defendants to produce certain materials responsive to particular requests contained in their first set of Rule 34 requests for production, which they contend have been confirmed to exist in defendants' possession through deposition testimony or by the investigation of their own counsel, but which defendants have not produced. Record Doc. No. 92-1 at p. 2 n. 2-3. Record Doc. No. 45 (Amended Complaint at ¶ 24 p. 6 and ¶'s 27-29 p. 7. Defendants are obligated to make a good faith search for materials responsive to Rule 34 requests for production and to produce them. As noted above, defendants' obligation to supplement their prior responses to plaintiffs' discovery requests "in a timely manner" is ongoing. Fed. R. Civ. P. 26(e)(1).

Although defendants state in their supplemental opposition memorandum that they have provided "multiple supplemental responses" since the motion was filed, Record Doc. No. 110, I have no indication of what those might have been.  If the materials enumerated in plaintiffs' motion papers are in defendants' possession, custody or control, they must be produced.

Accordingly, no later than **December 21, 2016**, defendants must (a) supplement their written responses to state clearly either that they have no materials of the type enumerated below in their possession, custody or control, <u>or</u> that <u>all</u> such materials have by then been produced, and (b) make actual production of all such additional materials, all as follows:

In response to Requests Nos. 3, 5, 8, 12, 15, 21 and 43-49, documents/memoranda on defendants' policies and procedures concerning payment of wages; records kept for employee meetings and attendance at such meetings; documents relating to defendants' employee training program and requirements; Annual/Quarterly Employee Revenue Reports and Annual/Quarterly Employee Retention Detail Earnings of the type attached to the motion papers at Record Doc. No. 92-3 and 92-4, but limited to those concerning only the 13 named and opt-in plaintiffs; any memorandum regarding "Obamacare" and new federal law requiring recording of employee hours; training schedules and materials; electronic mail and records of recorded work hours, but only regarding the 13 named and opt-in plaintiffs; including any such materials identified above maintained as electronically

stored information,[1] **IT IS FURTHER ORDERED** that discoverable materials listed above are limited to the time period 2013 through the present.  <u>See</u> Record Doc. No. 44 (Judge Lemelle's Order and Reasons establishing the relevant time period) at pp. 8, 15.

To whatever extent, if any, that the motion seeks additional relief, it is vague and unclear and therefore denied.

New Orleans, Louisiana, this _____7th_____ day of December, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiffs have offered no reason why production of electronically stored information should be in native format, as requested by plaintiffs, and it is <u>not</u> warranted in this case. Accordingly, defendants must produce any such electronically stored information in any useable form. Fed. R. Civ. P. 34(b)(2)(E).